George FERNANDEZ and Rangesan
Narayanan, Plaintiffs–
Appellants,

v.

BOARD OF REGENTS OF NEVADA
SYSTEM OF HIGHER EDUCATION
and State of Nevada, Defendants–Appellees.

No. 14–15554.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2016.

Filed March 23, 2016.

Dean Royer, Daniel M. Siegel, Siegel &
Yee, Oakland, CA, Richard Segerblom,
Las Vegas, NV, for Plaintiffs–Appellants.

Gary A. Cardinal, Esquire, Assistant
General Counsel, Mary Phelps Dugan,
General Counsel, University of Nevada,
Reno Office of General Counsel, Reno, NV,
for Defendants–Appellees.

Before: BYBEE and N.R. SMITH,
Circuit Judges and KORMAN,* Senior
District Judge.

MEMORANDUM **

Plaintiffs-appellants Narayanan and
Fernandez were tenured faculty at the
University of Nevada, Reno, who filed this
suit against the Board of Regents of the
Nevada System of Higher Education, as

* The Honorable Edward R. Korman, Senior
  District Judge for the U.S. District Court for
  the Eastern District of New York, sitting by
  designation.

well as then-Provost Marc Johnson, after
they were terminated during a recent
round of budget cuts at the university.
They allege national origin discrimination
in violation of 42 U.S.C. § 2000e–2 and 42
U.S.C. § 1983, as well as violations of their
substantive due process rights and state-
law breach of contract claims. They ap-
peal (1) the district court's entry of sum-
mary judgment on the national origin dis-
crimination claims; and (2) the dismissal of
their substantive due process claims and
(3) contract claims. We have jurisdiction
under 28 U.S.C. § 1291, and we affirm.

1. The plaintiffs failed to show dispa-
rate treatment based on their national ori-
gin. In order to establish such a claim,
the plaintiffs must make a prima facie
showing of discrimination by demonstrat-
ing that similarly situated individuals not
in the plaintiffs' protected class were treat-
ed more favorably, or that the university
had a continuing need for the plaintiffs'
services. *Coleman v. Quaker Oats Co.*,
232 F.3d 1271, 1281 (9th Cir.2000). If a
plaintiff establishes a prima facie case, the
burden of proof then shifts to the defen-
dants to demonstrate that there were le-
gitimate, non-discriminatory reasons for
the adverse employment action. *Chuang
v. Univ. Cal. Davis, Bd. of Trs.*, 225 F.3d
1115, 1123–24 (9th Cir.2000). If the defen-
dants do so, then the burden shifts back to
the plaintiffs to raise a triable issue of
material fact as to whether the defendants'
given reasons for the adverse action were
pretextual. *Noyes v. Kelly Servs.*, 488
F.3d 1163, 1168 (9th Cir.2007).

The plaintiffs failed to establish a prima
facie case. The individuals they identified
as being similarly situated had materially

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

different qualifications or held materially different positions at the university, and so were not, in fact, similarly situated to the plaintiffs. *Moran v. Selig,* 447 F.3d 748, 755 (9th Cir.2006) (noting that two employees' roles need not be identical, but must be similar "in all material respects"); *Vasquez v. Cty. of Los Angeles,* 349 F.3d 634, 641 (9th Cir.2003) (individuals will typically be similarly situated "when they have similar jobs and display similar conduct"). It is undisputed that the plaintiffs' administrative positions and the department in which they were tenured were eliminated during the budget cuts, and the plaintiffs did not identify any open faculty positions at the university for which they were qualified that they could have filled instead.

Even assuming the plaintiffs established a prima facie case, however, the defendants demonstrated that there were legitimate, non-discriminatory reasons for the plaintiffs' termination (state-mandated budget cuts), and the plaintiffs failed to produce sufficient evidence to create a dispute of material fact as to whether the non-discriminatory reasons for the layoffs were pretextual. Indeed, the evidence showed that the university actively sought alternative positions for the plaintiffs in order to retain them, but that there were no available positions for the plaintiffs to fill. The district court did not err in granting summary judgment on these claims.

2. To the extent the plaintiffs' substantive due process claims are premised on national origin discrimination, these claims are dealt with by the analysis above. As to the substantive due process claims premised on breach of contract, this court has never held that a state actor commits a substantive due process violation merely

* The panel unanimously concludes this case is suitable for decision without oral argument.

by breaching a contract. The district court did not err in dismissing these claims.

3. Regarding the breach of contract claims, the plaintiffs did not plausibly allege that the university committed violations of the Nevada System of Higher Education Code in terminating them after their positions were eliminated during the curricular review process. Given the context in which they were laid off, the plaintiffs needed to make more than the bare assertion that they could have been reassigned to alternative positions or that the university did not make reasonable efforts to retain them. The plaintiffs were twice given the chance to amend their complaint as to these claims, and failed to allege any additional facts to render their allegations plausible. The district court did not err in dismissing these claims.

AFFIRMED.